```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
TIM JONES,
                                                    MEMORANDUM AND ORDER
                    Plaintiff,                      11-CV-4092 (FB)

        -against-

MICHAEL J. ASTRUE,
 Commissioner of Social Security,

                    Defendant.
---------------------------------------------------------------x
```

*Appearances:*
| | |
|---|---|
| *For the Plaintiff:* | *For the Defendant:* |
| WILLIAM D. KAPLAN, ESQ. | LORETTA E. LYNCH, ESQ. |
| Queens Legal Services Corporation | United States Attorney |
| 42-15 Crescent Street, 9th Floor | JOHN VAGELATOS, ESQ. |
| Long Island City, NY 11101 | Assistant United States Attorney |
| | Eastern District of New York |
| | 271 Cadman Plaza East |
| | Brooklyn, NY 11201 |

**BLOCK, Senior District Judge:**

Plaintiff Tim Jones received Supplemental Security Income ("SSI") as a child based on "[m]ental [r]etardation" and asthma. AR at 33. He now seeks review of a final decision of the Commissioner of Social Security ("Commissioner") that found that his disability ceased in August 2005, when his childhood SSI benefits terminated, but resumed on February 24, 2011. Jones and the Commissioner both move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). They agree that the Commissioner's determination was made under an improper legal standard. Jones seeks remand solely for calculation of benefits, while the Commissioner requests remand for further administrative proceedings.

**I.**

The Social Security Administration ("SSA") deemed Jones, then a minor, disabled as of June 1, 1999. When Jones turned 18 in May 2005, the SSA reevaluated his status under the adult disability standard. *See* 42 U.S.C. § 1382c(a)(3)(H)(iii). Following a hearing, the Commissioner found that Jones was no longer disabled as of August 2005. Jones challenged this decision in federal court, and, pursuant to a stipulation and order, the case was remanded in January 2010 for further proceedings. *See Jones v. Astrue*, 09-civ-2181, January 14, 2010, Stipulation and Order (Vitaliano, J.).

A supplemental hearing was held on February 24, 2011, and the ALJ concluded that Jones was disabled as of the date of the hearing. Specifically, the ALJ found that (1) since the alleged onset date of adult disability – August 1, 2005 – Jones had severe impairments, namely "Borderline Intellectual Functioning ('IQ'); Full Scale IQ 73; Verbal IQ 78; Performance IQ 72," AR at 361G; (2) these impairments did not "meet[] or medically equal[] one of the listed impairments," AR at 361G; (3) prior to February 24, 2011, Jones had the residual functional capacity ("RFC") to "perform medium work . . . restricted to low stress, simple, routine repetitive work, with no significant decision making" or exposure to "smoke, dust and known respiratory irritants," AR at 361G; (4) Jones had engaged in substantial gainful activity ("SGA") prior to February 24, 2011, but not after, AR at 361I-J; (5) as of February 24, 2011, Jones had the RFC to perform "medium work," but was "precluded from performing competitive work, unassisted, on a sustained basis," AR at 361J; and (6) as a result, as of February 24, 2011, "there are no jobs that exist in significant numbers in the national economy

2

that the claimant can perform," AR at 361O.[1]

The ALJ's decision is final, as it was a decision on remand and the Appeals Counsel did not assume jurisdiction. *See* 20 C.F.R. § 416.1484(a). Jones commenced this action in August 2011.

## II.

Both parties acknowledge that the ALJ's determination of the date of disability was arbitrary, and reversal is therefore required. The ALJ found Jones disabled as of the day of the hearing – and not before – because certain medical expert testimony was heard then. Incorporation of evidence into the record on a certain date, however, does not, in itself, support the conclusion that disability commenced on that date. *See Bell v. Sec'y of Dep't of Health and Human Servs.*, 732, F.2d 308, 311 (2d Cir. 1984) ("[T]he ALJ is not entitled to assume that [claimant] suddenly became schizophrenic on the day of her hearing, absent some evidence to support such a view.").[2] Given the arbitrary nature of the onset date, there has

---

[1] Under the Social Security Act's regulations, redetermination of a childhood disability claim is evaluated using a slightly modified version of the familiar five-step analysis. *See* 20 C.F.R. § 416.987(b). The claimant has the burden of showing: (1) that he has a "severe impairment"; (2) that his impairment is on the list of impairments, in which case he is deemed disabled; and (3) that, based on his RFC, he cannot perform any past relevant work. *See* 20 C.F.R. §§ 416.987(b); 416.920(c)-(f). The burden then shifts to the Commissioner to show that claimant is capable of performing other jobs existing in significant numbers in the national economy. *See* 20 C.F.R. § 416.960(c)(2); *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).

[2] Additionally, Jones contends that the ALJ erred by considering his prior employment, while the Commissioner argues that the ALJ failed to sufficiently develop the record regarding this employment. It is hard to discern what significance the ALJ afforded her finding that Jones engaged in SGA prior to the date of the hearing; it does not appear to be the reason he was deemed non-disabled for that period. Suffice it to say that, because this is an age-18 redetermination, SGA does not preclude a finding of

3

been no proper finding of disability.

The parties dispute only whether further proceedings are necessary on remand. The Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand for further proceedings is appropriate when "the ALJ has applied an improper legal standard." *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (quoting *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980)); *see also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("It is for the SSA, and not this court, to weigh the conflicting evidence in the record."). In contrast, remand for calculation of benefits is proper where "the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." *Pratts v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *see also Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999); *Balsamo v. Chater*, 142 F.3d 75, 82 (2d Cir. 1998).

Further proceedings are required here because application of the correct legal standard does not compel a finding of disability. While there is medical testimony that Jones "could not function in a competitive work field," AR at 555, there is also voluminous and occasionally contradictory evidence regarding his ability to work at jobs that allow for his limitations. Indeed, Jones has worked, as part of his vocational training program, in maintenance and messenger jobs. In light of the arbitrary disability determination date and conflicting evidence, remand for determination of disability under the appropriate standard

---

disability. *See* 20 C.F.R. § 416.987(b). Contrary to the Commissioner's argument, this work history was sufficiently documented in the record.

is necessary. While the Court is sympathetic to Jones's arguments regarding delay, "absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996).

### III.

For the foregoing reasons, the Commissioner's motion for remand for further administrative proceedings is granted and Jones' motion for remand solely for calculation of benefits is denied.

**SO ORDERED.**

s/ Judge Frederic Block
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 21, 2012